UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 97-00067-002-BH |
| ) | |
| MAURICE DELEON ROBERTS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case is before the Court on defendant's motion (Doc. 161) for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), and his objection (Doc. 167) to the Court's Order dated July 8, 2008, (Doc. 165) proposing a reduction from his sentence of 290 months to a sentence of 236 months.[1]  The defendant, Maurice Deleon Roberts, seeks "a reduction in excess of the two-level reduction [proposed by the Court] and also for a new sentence at the low end of the guideline range on the ground that he has improved himself while incarcerated, has not been disciplined."

The Court agrees that § 3582(c)(2) requires the Court to consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether a reduction in sentence is appropriate and the extent of such reduction.  *See*, Application Notes to U.S.S.G. § 1B1.10. Moreover, the Application Notes provide that the Court (1) "shall consider the nature and

---

[1]The United States has stated (Doc. 166) that it has no objection to the Court's proposed reduction.

seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"; and (2) "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." U.S.S.G. § 1B1.10, at Application Note 1(B)(ii)-(iii).  However, contrary to the defendant's contention, the Court has taken the factors set forth in 18 U.S.C. § 3553(a) into consideration in determining that the defendant is entitled to a reduction and that the appropriate reduction is one of 54 months (i.e. 4.5 years).  No greater reduction would be appropriate in this case, although the Court applauds defendant's efforts to obtain his GED on July 15, 1998 and to complete, *inter alia*, a drug education program.[2]

For the reasons stated above, the Court now concludes and it is therefore **ORDERED** that Maurice Deleon Robert's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and a retroactive amendment to the U.S.S.G be and is hereby **GRANTED** and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of 290 months **is reduced to 236 months.**   This sentence is predicated upon the Court's determination of the following guideline range:

Previous Offense Level: 36                             Amended Offense Level: 34
Criminal History Category:  II                         Criminal History Category:  II
Previous Guideline Range: 262 to 327 months    Amended Guideline Range: 210 to 262  months

---

[2]Contrary to defendant's contention that he "has not been disciplined" (Response at 1), the defendant, between December 7, 1998, and March 28, 2003, is reported to have committed disciplinary infractions of failing to work as instructed, refusing to work, and disruptive conduct for which sanctions imposed included loss of telephone privileges (2 sanctions), disciplinary segregation, and loss of good conduct time.  Inasmuch as these disciplinary infractions occurred more than five years ago, however, the Court concluded that they did not alter the Court's determination that the defendant was entitled to a reduction in sentence to 236 months.

The reduced sentence set forth above is within the amended guideline range. All other provisions of the original sentence shall remain in effect.

**DONE** this 11th day of August, 2008.

                                                s/ W. B. Hand
                                        SENIOR DISTRICT JUDGE